432 S.E.2d 207

E.H., et al., Petitioners Below, Appellees,

v.

MATIN, et al., Respondents Below,

W. Donald Weston, M.D., Acting Director, West Virginia Department of Health and Human Resources, Respondent Below, Appellant,

District 1199, the Health Care and Social Service Union–Seiu, AFL–CIO, Intervenor.

No. 21467.

Supreme Court of Appeals of West Virginia.

Submitted June 1, 1993.

Decided June 24, 1993.

Daniel F. Hedges, Charleston, for appellant.

Darrell V. McGraw, Jr., Atty. Gen., Thomas M. Woodward, Deputy Atty. Gen., Charleston, for appellees.

Larry Harless, Charleston, for intervenor.

PER CURIAM:

On February 25, 1993, this Court rendered an opinion in the case styled *E.H. v. Matin,* 189 W.Va. 102, 428 S.E.2d 523 (1993). In that opinion this Court reversed the September 1, 1992, order of the Circuit Court of Kanawha County and held that the circuit court erred in enjoining the appellant, W. Donald Weston, M.D., Acting Director of the West Virginia Department of Health and Human Resources, from proceeding with the construction of a new psychiatric facility. Furthermore, in an earlier decision styled *E.H. v. Matin,* 168 W.Va. 248, 284 S.E.2d 232 (1981), this Court remanded the case to the circuit court to oversee development of the comprehensive mental health plan. However, in the February 25, 1993, opinion, this Court delayed the remand for thirty days so that the parties could file written responses advising the Court of whether there is any need for continued monitoring by the Circuit Court of Kanawha County.

■ The facts may be found in the case styled *E.H. v. Matin,* 189 W.Va. 102, 428 S.E.2d 523 (1993) (hereinafter *Matin II*). *See also E.H. v. Matin,* 168 W.Va. 248, 284 S.E.2d 232 (1981) (hereinafter *Matin I*). After hearing oral arguments and reviewing the written responses of the parties, this Court is of the opinion that the court monitor shall be continued for eighteen months from the date of this opinion unless a sufficient showing is made to continue it for a longer period of time.

The Court received written responses from the circuit court, the parties and a concerned citizens group, and the majority of the responses were in favor of the continuation of the court monitor. The reasons advanced, by those in support of such continuation, were as follows:

1. The court monitor has been instrumental in the successful implementation of the Behavioral Health System Plan (hereinafter BHSP) by organizing meetings and ensuring that everyone is cooperating to achieve common goals.

2. The BHSP has not been completed and requires supervision by the court monitor to ensure that the BHSP is completed within a reasonable period of time.

3. The court monitor is a necessary component to the BHSP in that disputes may be resolved more expeditiously and the parties would not have to resort to lengthy and costly court proceedings.

In support of termination of the court monitor, the primary assertion is that the Department of Health and Human Resources should regain its administrative responsibility and resume managing its mental health system accordingly.

The reasons given in support of continuing the court monitorship outweigh the reasons in support of discontinuing it. While it is true that the courts may not be experts in mental health or institutional management, the court system can provide direction and assistance so that the State of West Virginia may realize a model mental health care system.

■ In our earlier decision of *Matin I,* we recognized that the law poses an obligation on the State to provide adequate and competent health care to meet the needs of the mentally ill in West Virginia. In syl. pt. 2 of *Matin I,* we held, "*W.Va.Code,* 27–5–9 [1977] requires a system of custody and treatment in State mental hospitals which reflects the competent application of current, available scientific knowledge." Furthermore, in syllabus point 3 of that same opinion, we acknowledged that, "[i]t is the obligation of the State to provide the resources necessary to accord inmates of State mental institutions the rights which the State has granted them under *W.Va. Code,* 27–5–9 [1977]."

For the foregoing reasons, this Court is of the opinion that it would be beneficial to the BHSP and ultimately to this State for the court monitorship to continue for eighteen months from the date of this opinion unless a sufficient showing is made to continue it for a longer period of time.

Reversed and remanded; court monitor continued.